HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NIPPON PAPER INDUSTRIES USA CO., LTD.,

    Plaintiff,

v.

ASSOCIATION OF WESTERN PULP AND PAPER WORKERS, LOCAL 155,

    Defendant.

No. 3:11-cv-05500-RBL

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. #11] AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT [Dkt. #13]

THIS MATTER comes before the Court on Defendant Association of Western Pulp and Paper Workers, Local 155's ("Union") Motion for Judgment on the Pleadings [Dkt. #11] and Plaintiff Nippon Paper Industries USA Company's ("Nippon") Cross-Motion for Summary Judgment [Dkt. #12]. The dispute arises from an arbitration award in which the Arbitrator concluded Nippon improperly discharged a Union employee in violation of the parties' collective bargaining agreement. Nippon filed this action under the Labor Management Relations Act, 29 U.S.C. § 185(a), to vacate the award and remand the case to the Arbitrator.

**I. BACKGROUND**

Nippon and the Union are parties to a collective bargaining agreement effective from June 1, 2005, until May 31, 2011. Pl.'s Opp'n at 2 [Dkt. #12]. Robert Fuller, a Union member, has worked in Nippon's Port Angeles paper mill for nearly thirty years as a pipefitter, a multi-craft mechanic, and a relief lead mechanic. *Id.* at 3. On September 25, 2009, Mr. Fuller's supervisors asked him to assist with a "lockout" on one of the plant's piping systems, a safety procedure conducted to verify that specific valves are properly secured. *Id.* at 4. Mr. Fuller

ORDER - 1

oversaw the procedure and completed a verification form by initialing five separate boxes to indicate each valve had been secured. *Id.* at 5.

The lockout subsequently failed. *Id.* In the ensuing safety investigation, Mr. Fuller acknowledged that he did not personally inspect each valve despite having signed and initialed the lockout checklist. *Id.* On December 19, 2009, Nippon discharged Mr. Fuller. Compl. at 2 [Dkt. #1]. Pursuant to the collective bargaining agreement, the Union contested the termination, alleging that Nippon violated Section 16.2 of the agreement by discharging Mr. Fuller without just cause. Def.'s Mot. for J. on the Pleadings at 2 [Dkt. #11].

Section 16.2 of the collective bargaining agreement states, in relevant part, "the [e]mployer shall not discharge or discipline any employee except for just cause." Def.'s Answer, Ex. A ("CBA") 16–17 [Dkt. #9]. The agreement further provides that before an employee may be discharged, "the employee must be given one (1) prior written warning letter *except* in the following instances: (a) Dishonesty . . . (f) Falsification of records or documents . . . [and] (k) Purposeful neglect." CBA § 16.3 (emphasis added).

Unable to resolve whether Mr. Fuller could be terminated for just cause without prior written warning, the parties moved the dispute to arbitration. The collective bargaining agreement makes arbitration "final and binding upon both parties," but an arbitrator does not have the authority "to modify, add to, alter or detract from the provisions" of the agreement. CBA § 29.17. On February 2, 2011, the Arbitrator conducted a hearing in Port Angeles, Washington, and allowed the parties to make opening statements, examine and cross-examine sworn witnesses, introduce documents, and deliver argument. Def.'s Mot. for J. on the Pleadings 3 [Dkt. #11]. On April 26, 2011, the Arbitrator sustained the Union's grievance, concluding Nippon violated the collective bargaining agreement by terminating Mr. Fuller without just cause:

> After careful review of all evidence and arguments presented by the Parties, the Arbitrator has arrived at the conclusion that the Employer has failed to meet its burden of proof in this case. The Arbitrator believes that the evidence does not support a finding that the Grievant falsified a company document, was dishonest or was purposely negligent in his duties.

Def.'s Answer, Ex. B ("Arbitrator's Op.") 27 [Dkt. #9]. The Arbitrator noted Nippon's safety guidelines for the lockout procedure and concluded nothing in the record established how the verification should be completed or what that term encompassed. *Id.* at 30–31. With respect to

ORDER - 2

dishonesty, the Arbitrator found Mr. Fuller made a "good faith" error, and while his responses to Nippon's questions were often "meandering" or difficult to understand, they were not dishonest. *Id.* at 39–43. The Arbitrator directed Nippon to reinstate Mr. Fuller, make him whole for his losses, and issue him a verbal warning. *Id.* at 44–45.

Nippon now seeks to vacate the Arbitrator's decision on the ground that the Arbitrator deprived Nippon of its collectively bargained rights by ignoring the plain language of the collective bargaining agreement. Nippon limits its challenge to the dishonesty and falsification of records provisions.

## II. AUTHORITY

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56. Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

When reviewing the award of an arbitrator chosen by the parties to a collective bargaining agreement, the court does not reweigh the merits of the underlying dispute. *See United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960) ("The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements."). Nevertheless, an arbitrator's award "is legitimate only so long as it draws its essence from the collective bargaining agreement," and the arbitrator is barred from "dispens[ing] his own brand of industrial justice." *Id.* at 597. An arbitration award may also be vacated if it violates an "explicit, well defined, and dominant" public policy. *E. Assoc. Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000).

Courts afford substantial deference to collectively bargained arbitration awards. *E.g.*, *Van Walters & Rogers, Inc. v. Int'l Brotherhood of Teamsters*, 56 F.3d 1132, 1135 (9th Cir. 1995) ("[A court's] review is limited to whether the arbitrator's solution can be rationally

derived from some plausible theory of the general framework or intent of the framework.") (quoting *Desert Palace, Inc. v Local Joint Exec. Bd. of Las Vegas*, 679 F.2d 789, 793 (9th Cir. 1982)) (internal quotation marks omitted); *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1204 (9th Cir. 1989) ("[W]e are bound—under all except the most limited circumstances—to defer to the decision of [the arbitrator], even if we believe that the decision finds the facts and states the law erroneously.").

### III. DISCUSSION

Nippon does not allege that the Arbitrator's award violates a dominant public policy; thus, the question is whether the award is sufficiently drawn from the essence of the collective bargaining agreement and devoid of any personal appeal to dispense industrial justice. The Court is satisfied that the award meets these requirements and accordingly defers to the judgment of the Arbitrator.

Nippon contends the Arbitrator's award does not comport with the essence of the collective bargaining agreement because the Arbitrator modified, added to, altered, or detracted from the agreement's provisions in violation of Section 29.17.1. Specifically, Nippon argues the Arbitrator ignored the company's right to summarily terminate an employee that is dishonest or falsifies company documents because the Arbitrator acknowledged that Mr. Fuller initialed the lockout verification form but later told the company he never personally verified any of the lockout valves.

The Arbitrator noted the relevant provisions of the collective bargaining agreement and ultimately concluded Nippon failed to meet its burden. Arbitrator's Op. 45 [Dkt. #9]. He did not ignore Section 16.3; instead, he determined Mr. Fuller's conduct did not constitute "dishonesty" or "falsification of company documents." *Id.* Nippon relies on *Virginia Mason Hosp. v. Wash. State Nurses Ass'n*, 511 F.3d 908, 913 (9th Cir. 2007), to suggest vacation is warranted because the Arbitrator ignored the plain language of the collective bargaining agreement. But *Virginia Mason* makes clear that "even if [the court] were convinced that the arbitrator misread the contract or erred in interpreting it, such a conviction would not be a permissible ground for vacating the award." *Id.* at 913–14.

The Court is not convinced the Arbitrator ignored the plain language of the dishonesty and falsification of company records provisions. In fact, the Arbitrator supported his conclusions

in a forty-six page opinion. He reasoned Mr. Fuller had not falsified company records because he did not understand—and was not adequately trained—about what the lockout verification paperwork required of him. Arbitrator's Op. 30–32 [Dkt. #9]. Furthermore, the Arbitrator concluded Mr. Fuller's refusal to answer questions following the incident did not represent a willful attempt to conceal the truth because he had the right to consult a Union representative prior to the investigation. *Id.* at 42.

As Nippon correctly points out, arbitration awards are not ironclad, and courts will vacate arbitrators' decisions that ignore the parties' collective bargaining agreement. *See, e.g.*, *Freightliner, LLC v. Teamsters Local 305*, 336 F. Supp. 2d 1118, 1122 (D. Or. 2004). In *Freightliner*, an employer terminated an employee for reporting to work under the influence of marijuana. *Id.* at 1120. An arbitrator sustained the employee's grievance because the employee's positive drug test did not necessarily prove he was under the influence of the drug. *Id.* at 1121. The court, however, vacated the arbitrator's award because the collective bargaining agreement expressly defined "under the influence" to include a positive drug screening and specifically provided that a THC level at or above 30ng/ml constituted a positive test. *Id.* at 1123. In essence, the arbitrator in that case dispensed his own brand of industrial justice by ignoring the unambiguous terms of the collective bargaining agreement and applying conflicting external law. *Id.* at 1125.

In this case, however, the collective bargaining agreement does not define what constitutes falsification of records and employee dishonesty, and the Arbitrator was left to decide whether Mr. Fuller's conduct triggered either of those two provisions. As long as the Arbitrator's award is "rationally derived from some plausible theory" of the collective bargaining agreement, the award must stand. *Van Walters*, 56 F.3d at 1135. The Arbitrator determined an action constitutes falsification "only if it [is] intentionally deceptive," and Mr. Fuller did not intentionally deceive the company because he did not know or did not fully understand what the lockout verification paperwork required of him. Arbitrator's Op. 30–31, 38 [Dkt. #9]. The Arbitrator further concluded Mr. Fuller's evasiveness during Nippon's investigation did not represent an intention to conceal the truth, and therefore he did not act dishonestly. *Id.* at 39–43.

Whether or not this Court agrees with the Arbitrator's interpretation of the collective bargaining agreement, the interpretation is at least plausible and rationally related to the terms of the agreement. The Arbitrator did not impose his own brand of industrial justice by ignoring the

essence of the parties' collectively bargained rights.  Therefore, the Arbitrator's award must be enforced, and the Union is entitled to judgment on the pleadings.  While no genuine issues of material fact have been established in this case, Nippon has failed to prove it "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

## IV.  CONCLUSION

For the reasons stated above, the Defendant's Motion for Judgment on the Pleadings [Dkt. #11] is GRANTED, and the Plaintiff's Cross-Motion for Summary Judgment [Dkt. #13] is DENIED.

**IT IS SO ORDERED.**

DATED this 6th day of February, 2012.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE